UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>ROBERT CALLOWAY, )<br>)<br>)<br>        Defendant. ) | CASE NO.   1:18 CR 459<br><br>JUDGE DONALD C. NUGENT<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

This matter comes before the Court upon Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #41). The Government filed a Response opposing the Petition. (ECF #44). The Petitioner seeks to vacate his sentence being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On May 9, 2010, Defendant pled guilty to this offense, pursuant to a written plea agreement, and was sentenced to 52 months imprisonment, to be followed by three years of supervised release. (ECF #36, 37). He did not appeal the judgment.

Mr. Calloway filed the instant motion on July 2, 2020. He asserts three grounds for relief including two alleged violations of due process violation, and a claim for ineffective assistance of trial counsel.

## Legal Standard

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stand fairly and finally convicted." *Id.* at 164. Thus, to prevail on a §2255 motion, the Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

## Analysis

A. <u>Due Process Claims</u>

Mr. Calloway's due process claims are procedurally defaulted. Generally, claims not raised before the district court or on appeal may not be raised on collateral review. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003). Mr. Calloway did not raise his due process

arguments during the trial court proceedings or on direct appeal. In order to avoid procedural default, Mr. Calloway is asserting actual innocence. *See, Bousley v. United States*, 523 U.S. 614, 622 (1998). To successfully override procedure default on an "actual innocence" claim, the defendant must show that it was "more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). In this case, Mr. Calloway pled guilty to being a felon in possession. He had previously been sentenced to two and a half years in prison for felony burglary in the Cuyahoga County Common Pleas Court. He, therefore, knew, at the time of his possession of the weapon at issue, that he had previously been convicted of a crime punishable by a term of imprisonment of more than one year. He did not raise his claims for procedural due process violations before the district court or on appeal, and he cannot prove actual innocence. Therefore, Mr. Calloway's claims for due process violations (Grounds One and Three) are both procedurally defaulted.

B. <u>Ineffective Assistance of Counsel</u>

Mr. Calloway also raises a claim of ineffective assistance of trial counsel. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. Further, in the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

3

instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006).

Mr. Calloway cannot support his claim of ineffective assistance of trial counsel. He claims that his trial attorney failed to challenge whether the government could prove that he was aware that he had previously been convicted of a crime punishable by more than 12 months of imprisonment, as required by *Rahaif*. *See, Rahaif v. United States*, 139 S. Ct. 2191 (2019). *Rahaif*, however, was not decided at the time of Mr. Calloway's plea, therefore, his attorney cannot be deemed ineffective for failing to raise an argument that is reliant on that case. Furthermore, as noted above, Mr. Calloway was previously sentenced to two and a half years in prison through the county. He has offered no evidence or argument that would suggest that he was unaware of that conviction or of the length of time to which he was sentenced. Therefore, there is no reason to believe that the government could not have proved this element, or that Mr. Calloway would not have pled guilty to the charge had he been aware of this requirement at the time of his plea. There is no evidence that could support a finding that counsel's performance fell below the objective standard of reasonableness, or that any alleged deficiencies would have altered Mr. Calloway's decision to plead guilty.

### **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Calloway has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #41) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　/s/ Donald C. Nugent
　　　　　　　　　　　　　　　　　　　　DONALD C. NUGENT
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

DATED:　October 6, 2020